# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| Allan Delange, Board of Trustees Chairman ) | | |
| and William Blum, Board of Trustees Secretary, ) | | |
| on behalf of NORTHWEST INDIANA ) | | |
| PAINTERS WELFARE FUND, et al. ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| vs. ) | 2:11-cv-181-PPS-APR | |
| ) | | |
| UPTOWN PAINTING & DECORATING, INC. ) | | |
| BENJAMIN RAMOS, and ARMANDO GUERRA, ) | | |
| ) | | |
| Defendants. ) | | |

## OPINION AND ORDER

Before the Court is Plaintiffs' Amended Verified Application to Court to Enter an Order and Default Judgment against Defendants Uptown Painting & Decorating, Inc. and Armando Guerra [DE 38]. Plaintiffs have not provided sufficient information to allow me to enter judgment against Defendant Guerra. Therefore, I am declining to rule on the application until Plaintiffs provide a memorandum supporting default judgment against Guerra.

## I.  BACKGROUND

Plaintiffs filed their complaint in this matter against Defendants Uptown Painting and Benjamin Ramos on May 23, 2011 [DE 1]. Service of Summons and Complaint by certified mail was made and received by Uptown Painting's agent and Ramos on July 8, 2011 [DE 5; DE 6]. The Defendants failed to appear, plead, or otherwise defend the lawsuit as provided by the Federal Rules of Civil Procedure. Accordingly, Plaintiffs filed an Application for Clerk to Enter Default on July 26, 2011 [DE 7], which the clerk of the court entered on July 27, 2011 [DE 8]. Plaintiffs filed an amended complaint on June 5, 2012, adding claims against Armando Guerra [DE 21]. Guerra received Service of Summons and Complaint on June 26, 2012 [DE 24]. Guerra likewise

failed to appear, plead, or otherwise defend the lawsuit. Plaintiffs moved for entry of default against Guerra on July 13, 2012 [DE 26], which the clerk of the court entered on July 16, 2012 [DE 27]. Plaintiffs then filed a Verified Application to enter default judgment against Uptown, Guerra and Ramos [DE 37] on September 26, 2013. Plaintiffs filed an amended Verified Application on October 3, 2013 seeking default judgment only against Uptown and Guerra [DE 38]. The amended application is now before the Court.

Plaintiffs allege that Defendant Uptown Painting failed to make monthly contributions and payroll deductions from January 1, 2007 to September 30, 2012 to the Plaintiffs Trust Funds[1] and the Plaintiff Union[2], as required by a collective bargaining agreement signed by Uptown Painting. (*See* Amended Compl. at 2-7.) Plaintiff Union further alleges that Defendant Armando Guerra, is personally liable for failing to remit union dues under state law theories of conversion. (*Id.* at 9-15.) Plaintiffs seek (1) $379,664.98 in delinquent contributions to the Plaintiff Northwest Indiana Painters Welfare Fund; (2) $20,808.26 in delinquent contributions for Plaintiff Northwest Indiana Painters Joint Apprenticeship & Training Trust Fund ("JATC"); (3) $64,841.93 in delinquent contributions to Plaintiff Union; and (3) $9,368.75 and $361.80 in attorneys's fees and costs.

## II. DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment."). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of

---

[1] "Plaintiffs Trust Funds" are Allen De Lange, Board of Trustees Chairman, on behalf of Northwest Indiana Painters Welfare Fund and James Mitchell, Sr., Board of Trustees Chairman, on behalf of Northwest Indiana Painters Joint Apprenticeship & Training Trust Fund.

[2] "Plaintiff Union" is the Northwest Indiana Local 460, District Council 91, IUPAT, AFL-CIO.

default as provided by Rule 55(a). *See Hill v. Barbour,* 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). "This entry is recognition of the fact that a party is in default for a failure to comply with the rules." *See Hill*, 787 F. Supp. at 148 n.4 (citing 6 Moore et al., *Moore's Federal Practice* ¶ 55.03 (2d ed. 1985)).

A default constitutes the defendant's admission of certain facts pled in the complaint, but not of facts relating to damages and not conclusions of law. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practices and Procedure* § 2688 (3d ed. 1998); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *see also Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999). Because the default only goes to the well-pled facts of the complaint and a party in default does not concede conclusions of law, the court must still consider whether the unchallenged facts meet all the elements of a legitimate cause of action establishing liability. *Black*, 22 F.3d at 1399 ("The entry of a default order does not . . . preclude a party from challenging the sufficiency of the complaint" (citation omitted)).

Plaintiffs allege that Armando Guerra committed torts of conversion under Indiana law and is therefore personally liable for the total amount allegedly owed Plaintiffs, $475,045.72. This is problematic for two reasons. First, ERISA preempts all state law claims that relate to an employee benefit plan, but it does not preempt claims involving union dues. *Trustees of AFTRA Health Fund v. Biondi*, 303 F.3d 765, 778 (7th Cir. 2002). Union dues fall outside the scope of ERISA because the are not considered plan assets. *Lopresti v. Terwilliger*, 126 F.3d 34, 41 (2d Cir. 1999). To the extent Plaintiffs are seeking to hold Guerra personally liable under a conversion theory for failing to remit ERISA plan assets, they are out of luck. That claim is preempted. But since the Verified Motion does not adequately distinguish between preempted plan assets and non-preempted union

3

dues when breaking down the damages, I don't have enough information to determine what portion of damages Guerra can be held liable for.

The second problem is that, even with respect to liability for the union dues, to prove conversion in Indiana, Plaintiffs have to show that Guerra "knowingly or intentionally exerted unauthorized control over the employees' property." *Coleman v. Vukovich*, 825 N.E.2d 397, 407 (Ind. Ct. App. 2005). Simply stating that Guerra did not remit the union dues to the depository is not sufficient as it doesn't show that Guerra controlled the money. *Lauer v. Working Office Technologies Co.*, No. 2:11-cv-13 PPS, 2012 WL 209139, at *3 (N.D. Ind. Jan. 23, 2012). In order to prove that Guerra converted the union dues, Plaintiffs need to identify the facts and allegations that demonstrate Guerra's exertion of control over the deductions, and thus far, they've failed to do so.

I therefore request that Plaintiffs file a memorandum in support of the application for default, with appropriate citations, that 1) addresses whether the conversion claims against Guerra are preempted by ERISA; 2) provides a breakdown of the employee deductions that were not remitted, and addresses whether the deductions are plan assets or union dues; and 3) addresses how the well-pled facts in the complaint establish Guerra's liability for conversion.

### III.  CONCLUSION

Accordingly, I decline to rule on Plaintiffs' Amended Verified Application to Court to Enter an Order and Default Judgment [DE 38] at the present time. Plaintiffs will have until **November 16, 2013** to file a memorandum in support of the application for default judgment, addressing the matters identified by the Court. Plaintiffs must also mail to the Defendants a copy of the memorandum in support, and reflect that mailing on a certificate of service filed with the memorandum.

4

If Plaintiffs have not filed a memorandum in support by then, I will assume that Plaintiffs are abandoning their claim against Guerra. In that case, I will enter default judgment against Defendant Uptown Painting, but will dismiss the case against Guerra without prejudice.

Finally, in the amended application for default judgment, Plaintiffs did not move for default judgment against Defendant Benjamin Ramos. If Plaintiffs wish to pursue their claim against Ramos, they must notify the Court within **seven days** of this order. If Plaintiffs fail to do so, I will assume the claim against Ramos is also abandoned, and will dismiss the case against him without prejudice.

**SO ORDERED**.

ENTERED: October 15, 2013

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
