UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

Allen DeLange, Board of Trustees Chairman,    )
on behalf of NORTHWEST INDIANA    )
PAINTERS WELFARE FUND, *et al.*,    )
   )
                Plaintiffs,    )
   )
        v.    )     NO. 2:11-cv-181-PPS
   )
UPTOWN PAINTING & DECORATING, INC.,    )
*et al.*,    )
   )
            Defendants.    )

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' second amended verified motion for entry of an order and default judgment against Defendants Uptown Painting & Decorating, Inc. and Armando Guerra [DE 40]. For the reasons discussed below, the motion is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

The Plaintiffs are the Northwest Indiana Local 460, District Council 91, IUPAT, AFL-CIO (the "Union" ), and two trustee-fiduciaries who are suing on behalf of their respective trust funds (the "Trustee Plaintiffs") to collect delinquent employment contributions owed by Uptown Painting under a collective bargaining agreement between it and the Union [DE 21]. In Count I, the Trustee Plaintiffs allege a claim against Uptown Painting under Sections 502 and 515 of ERISA. *See* 29 U.S.C. §§ 1332 and 1145. In Count II, the Union alleges a claim against Uptown Painting under Section 301 of the Labor-Management Relations Act ("LMRA"). *See* 29

U.S.C. § 185.  In Counts III through VI, the Union alleges state law conversion claims against Armando Guerra and Benjamin Ramos.

Plaintiffs served the original complaint and summons by certified mail on July 8, 2011 [DE 5-6].  The original complaint named Uptown Painting and Benjamin Ramos as defendants. These Defendants failed to appear, plead, or otherwise defend the lawsuit as required by the Federal Rules of Civil Procedure.  Accordingly, in July 27, 2011, the clerk entered an order of default under Rule 55(a) [DE 8].  Plaintiffs then spent about a year attempting to get these Defendants to appear before the court or submit to an audit.  This effort was to no avail.  In June 2012, Plaintiffs amended their complaint to add two conversion claims against Armando Guerra [DE 21].  Guerra also failed to appear, plead, or otherwise defend the suit, and the clerk entered a default against Guerra in July 2012 [DE 27].

Plaintiffs then moved for default judgment against Uptown Painting and Guerra in September 2013 [DE 37].  The motion did not adequately address the issue of Guerra's personal liability under the state law claims, so I ordered Plaintiffs to file a memorandum explaining their position [DE 39].  I also noted that Plaintiffs were not pursuing judgment against Defendant Ramos, and let the Plaintiffs know that I would dismiss the claim against Ramos if they did not pursue it.  The Plaintiffs chose not to pursue the claim against Ramos, but did file the instant amended motion for default judgment [DE 40] addressing the issues I raised in my order. Plaintiffs seek a judgment against Uptown Painting for (1) $400,473.19 in delinquent contributions and interest for the period of January 1, 2006 to December 31, 2009; (2) $39,057.12 in delinquent deductions and interest for that same period; (3) $9,368.75 in attorneys' fees, and $361.80 in court costs and (4) statutory post-judgment interest [*Id.*].  Against

Armando Guerra individually, Plaintiffs seek a judgment of $39,057.12 in delinquent deductions and/or treble damages of $117,171.36.

## DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default and default judgments. *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed.R.Civ.P. 55(a).

### I.        Default Judgment Against Uptown Painting is Appropriate

Because the clerk has already entered a default, I may now enter a default judgment under Rule 55(b)(2). But I exercise discretion in doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1991). A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiffs for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Moreover, all well-pleaded allegations of the complaint will be taken as true. *Id.* at 605.

Courts may consider a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller & M. Kane, *Federal Practices and Procedure: Civil* §2685 (3d ed. 1998).

3

In this case, the factors weigh in favor of default judgment against Uptown Painting for Counts I and II. There are very few material issues of fact and the grounds for default are clearly established. There are no issues of substantial public importance here. This default is also the furthest thing from a technicality. This lawsuit was filed back in May 2011. In all this time, Uptown Painting has not pleaded nor appeared in this matter despite several show cause orders issued by the magistrate judge. Plaintiffs seek a large amount of money, which weighs against default judgment. But this is offset by the Defendant's steadfast refusal to respond this litigation. Defendant's refusal to respond prejudices the Plaintiffs by delaying their receipt of the money at issue. Thus the Court finds that a weighing of these competing factors comes out in favor of the Plaintiffs, and default judgment against Uptown Painting is appropriate.

## II.    Default Judgment Against Armando Guerra is Not Proper

A default has also been entered against Armando Guerra individually [DE 9]. After Plaintiffs' first motion for default judgment, I asked for additional briefing, suspecting there might be issues regarding preemption and corporate officer liability that were not addressed in Plaintiffs' first motion [DE 11]. Plaintiffs ably addressed the issue of ERISA preemption in the amended motion, clarifying that the claims against Guerra involve delinquent union dues and not ERISA "plan assets." Unfortunately, they did not address LMRA preemption, and that is where their trouble lies.

Section 301 of the Labor Management Relations Act preempts state law claims that require the interpretation of a collective bargaining agreement. *In re Bentz Metal Products Co.*, 253 F.3d 283, 289 (7th Cir. 2001). Although the preemptive effect is broad, "not every dispute concerning employment or tangentially involving a provision of a CBA is preempted by § 301."

4

*Allis-Chalmers v. Lueck*, 471 U.S. 202, 211 (1985). For example, claims that merely require reference to the CBA are not preempted. *In re Bentz*, 253 F.3d at 289. Preemption is triggered, however, when a claim is founded directly on rights created by collective bargaining agreements and when the resolution of a state law claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (U.S. 1987); *Atchley v. Heritage Cable Vision Associates*, 101 F.3d 495, 499 (7th Cir. 1996). Put another way, a claim is preempted if it is substantially dependent on an analysis of the terms of the CBA. *Atchley*, 101 F.3d at 499.

As it stands right now, I cannot enter a default judgment against Armando Guerra because, as pled, the Union's claims are preempted by the LMRA. According to the Amended Complaint, the Union's conversion claims against Guerra are based exclusively on the CBA between Uptown Painting and the Union. The Union alleges that, "among the obligations created by the collective bargaining agreement," was the requirement that Guerra withhold deductions from employee paychecks and remit those deductions to the Union [DE 21 ¶ 5]. By failing to do so, the Union alleges Guerra converted those funds for his own personal gain. As far as I can tell, these conversion claims are founded directly on the rights created in the CBA. In order to resolve them, I would have to interpret the CBA and determine what was owed the union and what duties Uptown Painting undertook to perform. This is the reason that conversion claims based on obligations set out in CBAs are usually preempted by the LMRA . *See Leu v. Norfolk & Western Ry. Co.*, 820 F.2d 825 (7th Cir. 1987) (holding the Railway Labor Act preempted a state law conversion claim for failure to remit employee benefits); *Shales v. Asphalt Maintenance, Inc.*, No. 03 C 8250, 2004 WL 2191609 (N.D. Ill. Sept. 28, 2004) (holding state

law conversion claim for failure to remit union dues was preempted by § 301); *International Assoc. of Heat & Frost Insulators & Allied Workers Local No. 24 v. Chesapeake Firestop Products, Inc.*, 1376-AW, 2012 WL 3137424 (D. Md. July 31, 2012) (same).

On the other hand, I hesitate to completely dismiss the Union's claims against Guerra. Section 301 preemption requires a case-by-case factual analysis. *In re Bentz*, 253 F.3d at 285. It is difficult to perform that kind of analysis, where, as here, the facts of the case have not been developed and the issue of preemption has not been briefed. It is possible that an exception to LMRA preemption applies in this case. *See, for example, Construction & General Laborers' District Council of Chicago and Vicinity v. Roth's Reliable Construction Co.*, No. 03 C 7417, 2004 WL 1470269 (N.D. Ill. June 29, 2004) (holding conversion claim for failing to remit union dues was not preempted by § 301 when the duty to remit dues was founded in employee wage assignments, not the CBA). Although, as I noted above, the Complaint suggests the conversion claims are preempted, I am going to give the Plaintiffs an opportunity to make the case that the conversion claims are not preempted by the LMRA before I dismiss Guerra.

### III.     The Claims Against Benjamin Ramos are Dismissed

In my order requesting supplemental briefing [DE 39], I noted that Plaintiffs had not moved for default judgment against Defendant Ramos. I informed Plaintiffs that I would consider their claims against Ramos abandoned if they did not inform me otherwise within seven days of that order. Plaintiffs chose not to pursue Ramos, and now, in the memorandum accompanying their amended motion for default judgment, Plaintiffs have indicated that they have no objection to my dismissal of the claims against Ramos [DE 41 at 3 n.1]. Accordingly, the claims against Ramos are dismissed.

### IV.    Damages

Ordinarily, upon considering a motion for default judgment, a court must have a hearing to determine damages.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).  In cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, however, such a hearing is unnecessary.  *Id.*  In this case, I have the necessary information to calculate the damages without a hearing.  The Plaintiffs have attached the affidavits of Arlene David, Jim Loftis, and Paul Berkowitz to establish the amount of damages owed by Defendant Uptown Painting.  The affidavits are detailed and supported by documentary evidence.

Arlene David is an auditor who conducted an audit of Trustee Plaintiff Northwest Indiana Welfare Fund.  David attests Uptown Painting owes the Welfare Fund $379,664.98 in delinquent contributions, late payment assessments, audit fees and liquidated damages for the period of January 1, 2006 to September 30, 2012 [DE 41-2].

Jim Loftis is the Business Representative for the Union and monitors contractors' submission of their monthly reporting forms and payments owed pursuant to their collective bargaining agreements with the Union.  Lofits attests that Uptown Painting owes the Union $39,057.12 in delinquent payments and interest for the period of January 1, 2006 through September 30, 2012 [DE 41-3].  In addition, Loftis attests that Uptown Painting owes Trustee Plaintiff Northwest Indiana Painters Joint Apprenticeship & Training Trust Fund $20,808.21 in delinquent contributions and interest for the same period.

Finally, under 29 U.S.C. § 1132(g)(2)(D), Plaintiffs are entitled to reasonable attorneys' fees as well as costs of the action to be paid by the Defendant.  Plaintiffs have attached the

affidavit of attorney Paul Berkowitz [DE 41-4]. Berkowitz attests that Plaintiffs have incurred $9,368.75 and $361.80 in attorneys' fees and costs, respectively, in pursuit of this claim.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Second Amended Verified Motion for Entry of an Order and Default Judgment [DE 40] is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiffs' first Motion for Default Judgment [DE 37] is **DENIED** as moot.

Plaintiffs' motion for Default Judgement against Defendant Armando Guerra is **DENIED**. Plaintiffs have until **February 28, 2014** to file a memorandum addressing whether the conversion claims against Guerra are preempted by the LMRA.

The claims against Defendant Benjamin Ramos are **DISMISSED WITHOUT PREJUDICE**.

Defendant Uptown Painting is **ORDERED** to pay:

(1) $379,664.98 in delinquent contributions, late payment assessments, audit fees and liquidated damages to Plaintiff Northwest Indiana Welfare Fund for the period January 1, 2006 to September 30, 2012;

(2) $20,808.21 in delinquent contributions and interest to Plaintiff Northwest Indiana Painters Joint Apprenticeship & Training Trust Fund for the same period;

(3) $39,057.12 in delinquent contributions and interest to Plaintiff Northwest Indiana Local 460, District Council 91, IUPAT, AFL-CIO for the same period;

(4) Statutory post-judgment interest at the current legal rate on all monies owed pursuant to (1)-(3) *supra*; and

(5) $9,368.75 and $361.80 to Plaintiffs for attorneys' fees and costs, respectively.

**SO ORDERED**.

ENTERED: January 29, 2014

<u>s/ Philip P. Simon</u>
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT